```
                                        USDS SDNY
                                        DOCUMENT
UNITED STATES DISTRICT COURT            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK           DOC #:
                                        DATE: 11/9/2016
```

UNITED STATES OF AMERICA

    - against -                16 Cr. 170 (JGK)

CHERRISE WATSON-JACKSON,        MEMORANDUM OPINION
                                    AND ORDER
                Defendant.

JOHN G. KOELTL, District Judge:

By letter dated November 7, 2016, the defendant asks the Court to reduce the sentence of imprisonment in this case because the defendant has been designated for medical reasons to FMC Carswell in Fort Worth, Texas, and it will be very difficult for the defendant's family to visit her at that facility. The proffered reason is not a basis to reduce the defendant's sentence of imprisonment.

There is no legal basis for the Court to reduce the sentence of imprisonment. This is not a case where the sentence resulted from "arithmetical, technical, or other clear error," pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. See United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995). Moreover, the time for such a correction has also passed because any such correction can only be made within 14 days after sentencing. Fed. R. Crim. P. 35(a). This is also not a case where a clerical error occurred in the judgment. See Fed. R. Crim. P. 36. There is no contention that the judgment incorrectly recorded the sentence.

Furthermore, there is no substantive basis for the Court to modify its sentence. The Court was fully aware that its recommendations to the Bureau of Prisons are only recommendations and that it is possible for the Bureau to fail to follow the Court's recommendations. An instance where the Bureau fails to follow a recommendation would not be a basis for the Court to reconsider a sentence. In this case, to further the best interests of the defendant, the Court alerted the Bureau of Prisons to be cognizant of the defendant's medical condition and also recommended that the defendant be imprisoned in a facility close to the New York City area, particularly in FCI Danbury, Connecticut, so that she could be close to her family. The Bureau apparently determined that the medical needs of the defendant warranted a designation to a medical center in Texas with the facilities to care for the defendant. That is consistent with the Court's recommendation to the Bureau to send the defendant to an institution with appropriate medical facilities, a recommendation that apparently could not be accommodated at a facility closer to the New York City area. It is plain that it is more important for the Bureau to assure that the defendant receive adequate medical treatment in prison than that the defendant be imprisoned in the New York City area.

Defense counsel can discuss with the Bureau of Prisons whether there are facilities closer to the New York City area

that will provide the same level of care for the defendant, but there is no basis for the Court to reconsider its sentence.

The application for a reduction in sentence is **denied**.

**SO ORDERED.**

**Dated:**   **New York, New York**
**November 8, 2016**

_____
John G. Koeltl
United States District Judge